Carol Ann ANTOKU, Plaintiff,

v.

HAWAIIAN ELECTRIC CO., INC., a for-profit Hawaii corporation; Barney Yoshioka, individually and in his official capacity as an employee and/or agent of Hawaiian Electric Company, Inc.; Roger G. Angell, individually and in his official capacity as an employee and/or agent of Hawaiian Electric Company, Inc.; Tom G. Wrenn, individually and in his official capacity as an employee and/or agent of Hawaiian Electric Company, Inc.; John Does 1–10; Jane Does 1–10; Doe Corporations 1–10; Doe Partnerships 1–10; Roe "Non–Profit" Corporations 1–10; and Roe Governmental Agencies 1–10, Defendant.

No. CV 02–00038DAEBMK.

United States District Court, D. Hawai'i.

June 3, 2003.

Carolyn Sue Kiyota, Honolulu, for Carol Ann Antoku, plaintiff.

Kenneth B. Hipp, Christopher S. Yeh, Marr Hipp Jones & Pepper, Douglas H. Knowlton, Honolulu, for Hawaiian Electric Company, Inc., A For Profit Hawai'i Corporation, Barney Yoshioka, Individually and in his Official Capacity as an Employee and/or Agent of Hawaiian Electric Company, Inc., Roger G. Angell, Individually and in his Official Capacity as an Employee and/or Agent of Hawaiian Electric Company, Inc., Tom G. Wrenn, Individually and in his Official Capacity as an Employee and/or Agent of Hawaiian Electric Company, Inc., John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, Roe "Non–Profit" Corporations 1–10, Roe Governmental Agencies 1–10 defendants.

*ORDER GRANTING DEFENDANTS HAWAIIAN ELECTRIC CO., INC., BARNEY YOSHIOKA, ROGER ANGELL, AND THOMAS WRENN'S MOTION FOR SUMMARY JUDGMENT AS TO NEGLIGENCE COUNTS*

EZRA, Chief Judge.

The court heard Defendants Hawaiian Electric Co., Inc., Barney Yoshioka, Roger Angell, and Thomas Wrenn's (collectively "Defendants' ") Motion on May 27, 2003. Carolyn S. Kiyota, Esq., appeared at the hearing on behalf of Plaintiff; Kenneth B. Hipp, Esq., appeared at the hearing on behalf of Defendants Hawaiian Electric Co., Inc., Barney Yoshioka, Roger Angell, and Thomas Wrenn. After reviewing the motion and the supporting and opposing memoranda, the court GRANTS Defendants Hawaiian Electric Co., Inc., Barney Yoshioka, Roger Angell, and Thomas Wrenn's Motion for Summary Judgment as to Count V (Negligent Infliction of Emotional Distress), Count VI (Negligent Supervision), Count VII (Negligent Train-

ing), Count IX (Failure to Prevent Discrimination), Count XI (Failure to Investigate and Remedy Discrimination) and Count XIV (Negligence).

## BACKGROUND

Defendant Hawaiian Electric Co., Inc. ("HECO") employed Plaintiff Carol Ann Antoku ("Plaintiff") from April 23, 1985 until her last day of active employment on January 30, 2001. HECO kept Plaintiff on its payroll until March 2, 2001. HECO also employed Defendant Roger Angell from 1988 to the present, Defendant Thomas Wrenn from 1970 to the present, and Defendant Barney Yoshioka from 1971 to the present.

On June 17, 1998, Plaintiff was injured on the job. From 1998 through 2000, Plaintiff filed for and received workers' compensation benefits stemming from an injury to her lower back. On June 14, 2000, Plaintiff settled her workers' compensation claims.

Plaintiff alleges that she received a reduced work-schedule, but that Defendants required that she complete her former full-time work load within the reduced hours of her new schedule. *See* Complaint at ¶ 14–15. Plaintiff alleges that "Defendants began to penalize and discriminate against Plaintiff because of the accommodation provided to her by HECO and her disability." *Id.* at ¶ 16. Plaintiff further alleges that Defendants "began to actively paper her employment file with negative evaluations, written warnings (including those for absences related to her disability) and general harassment in preparation of their termination or [sic] her." *Id.* at ¶ 17.

On January 15, 2001, Plaintiff's Complaint, which had originated in state court, was removed to federal court. Among other claims, Plaintiff's Complaint contains the following negligence-based counts ("negligence-based counts"):

Count V: Negligent Infliction of Emotional Distress: "The acts of Defendants named herein caused injury to the Plaintiff and were negligent and unreasonable. The Defendants should have recognized that their acts were likely to result in injury to Plaintiff." *Id.* at ¶ 36.

Count VI: Negligent Supervision: "Defendants negligently supervised certain employees and/or agents thereby causing injury to Plaintiff." *Id.* at ¶ 39.

Count VII: Negligent Training: "Defendants negligently trained certain employees and/or agents thereby causing injury to Plaintiff." *Id.* at ¶ 41.

Count IX: Failure to Prevent Discrimination: "Defendants, had knowledge that the wrongs conspired to be done, were about to be committed, and had power to prevent or aid in preventing the commission of these wrongs, but neglected or refused so to do." *Id.* at ¶ 46.

Count XI: Failure to Investigate and Remedy Discrimination: Defendants breached a "duty by failing to conduct a prompt, objective, thorough, confidential, complete and fair investigation and to take prompt, effective remedial action to ensure that discrimination and retaliation of Plaintiff did not continue." *Id.* at 55.

Count XIV: Negligence: Defendants breached a duty to "exercise reasonable care to Plaintiff." *Id.* at ¶ 64–65.

On March 7, 2003, Defendants filed the instant Motion for Summary Judgment as to Count V (Negligent Infliction of Emotional Distress), Count VI (Negligent Supervision), Count VII (Negligent Train-ing), Count IX (Failure to Prevent Discrimination), Count XI (Failure to Investigate and Remedy Discrimination) and Count XIV (Negligence) ("Motion"). Plaintiff opposed the Motion on May 9, 2003 ("Opposition"), to which Defendants replied on May 16, 2003 ("Reply").

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). The opposing party can neither stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv.,* 809 F.2d at 630; Fed. R.Civ.P. 56(e). In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. *State Farm Fire & Casualty Co. v. Martin,* 872 F.2d 319, 320 (9th Cir.1989).

## DISCUSSION

Defendants argue that Plaintiff's negligence-based counts should be dismissed because (1) Hawaii's Workers' Compensation statute's exclusivity provision bars them, and alternatively, (2) they involve

common law causes of action that are non-cognizable and/or duplicative of existing statutory remedies.

## I. *WORKERS' COMPENSATION LAW'S EXCLUSIVITY PROVISION*

 Hawaii's workers' compensation statutes contain an exclusivity provision that provides:

> The rights and remedies herein granted to an employee or the employee's dependents *on account of a work injury* suffered by the employee *shall exclude all other liability of the employer* to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

Haw.Rev.Stat. § 386–5 (2003) ("exclusivity provision"). The statutes define "work injury" as "a personal injury suffered under the conditions specified in section 386–3." Haw.Rev.Stat. § 386–1. Section 386–3, in pertinent part, reads:

> If an employee suffers personal injury either by accident arising out of and in the course of employment .... the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.

Haw.Rev.Stat. § 386–3(a). Hawaii courts consistently reject challenges to the exclusivity provision of the workers' compensation law. *See Marshall v. Univ. of Hawaii*, 9 Haw.App. 21, 35, 821 P.2d 937, 945

(1991) (dismissing employee's claim of negligent infliction of emotional distress alleged against employer); *Kahale v. ADT Automotive Servs., Inc.*, 2 F.Supp.2d 1295, 1302 (D.Haw.1998) (same). The exclusivity provision of Hawaii's workers' compensation scheme also bars negligence claims against a plaintiff's co-workers. *See Ellison v. Northwest Airlines, Inc.*, 938 F.Supp. 1503, 1515 (D.Haw.1996).

Here, Plaintiff claims that Defendants discriminated against her because of a disability, which originated from a work injury to her lower back. *See* Haw.Rev.Stat. § 386–3. Indeed, Plaintiff filed for and received workers' compensation benefits from 1998 through 2000 for this work injury. Thus, the court finds that Plaintiff's negligence-based counts arise "on account" of a work injury suffered by Plaintiff. *See* Haw.Rev.Stat. § 386–5. Accordingly, the exclusivity provision bars Plaintiff's negligence-based counts against Defendants.

Plaintiff, however, argues that her claims are exempt from Hawaii Revised Statutes ("HRS") § 386–5, which does not bar claims based upon intentional acts. *See* Opposition at 5 (citing *Furukawa v. Honolulu Zoological Society*, 85 Hawai'i 7, 936 P.2d 643 (Haw.1997); *Takaki v. Allied Machinery Corp.*, 87 Hawai'i 57, 951 P.2d 507 (1998)). Despite Plaintiff's attempts to characterize her negligence-based counts as being based upon intentional acts, the Complaint plainly indicates that her negligence-based counts are based upon negligent conduct. Defendants limit their Motion to Plaintiff's negligence-based counts, and do not seek to dismiss Plaintiff's separate causes of action that plead intentional conduct.[1] Accordingly, the exemption in

---

1. In addition to her negligence-based claims, Plaintiff also makes claims based upon Defendants' alleged intentional conduct. *See* Complaint at Count I (Civil Rights Violation), Count III (Conspiracy to Interfere with Civil Rights), Count IV (Intentional Infliction of Emotional Distress), Count VIII (Invasion of Privacy), and Count X (Aiding and Abetting Discriminatory Practices).

HRS § 386–5, which permits claims based upon intentional acts, is inapposite to the negligence-based counts that Defendants seek to dismiss in the instant Motion.

Plaintiff also relies upon *Black v. City & County of Honolulu*, 112 F.Supp.2d 1041 (D.Haw.2000), to argue that the exclusivity provision does not include negligence claims if they are intertwined with a plaintiff's discrimination claim. *See* Opposition at 10. In *Black*, this court examined whether the exclusivity provision bars certain negligence claims and concluded that "negligence claims 'premised on *sexual harassment* or *sexual assault* in an employment context' are exempt from the bar of Hawai'i's workers' compensation statute." *Black*, 112 F.Supp.2d at 1048 (emphasis added).

Plaintiff argues that Defendants' Motion presents identical issues to those raised in *Black*. *See* Opposition at 10. Plaintiff urges the court to extend the exclusivity provision to read a blanket exception for negligence claims that "are so intertwined with claims of disability discrimination." *Id.* However, neither the exclusivity provision nor *Black* create an exemption for disability discrimination. The statute is clear: workers' compensation is an employee's exclusive remedy for work injuries, except for claims arising from "sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto." Haw.Rev.Stat. § 386–5. Here, Plaintiff does not allege sexual harassment or sexual assault, and thus, the exception provided in the exclusivity provision does not afford Plaintiff a cause of action.

Accordingly, there are no genuine issues of material fact that the workers' compensation exclusivity provision bars Plaintiff's negligence-based counts. Although intentional conduct and claims related to sexual harassment or sexual assault are exempt from the exclusivity provision, Plaintiff's negligence-based counts do not make such allegations. Accordingly, the court GRANTS Defendants' Motion.

## II. *NON–COGNIZABLE AND/OR DUPLICATIVE*

In the alternative, Defendants argue that Plaintiff may not pursue her negligence-based counts because they seek non-cognizable common law remedies that are duplicative of her statutory discrimination claims made pursuant to HRS § 378–2. Motion at 7, 10. However, as the court has already ruled, as a matter of law, that the workers' compensation exclusivity provision bars Plaintiff's negligence-based counts, the court finds it unnecessary to address Defendants' alternative argument.

## *CONCLUSION*

For the reasons stated above, the court GRANTS Defendants' Motion for Summary Judgment as to Count V (Negligent Infliction of Emotional Distress), Count VI (Negligent Supervision), Count VII (Negligent Training), Count IX (Failure to Prevent Discrimination), Count XI (Failure to Investigate and Remedy Discrimination) and Count XIV (Negligence).

IT IS SO ORDERED.